BOWES, Judge.
This appeal is before us on remand from the Supreme Court of Louisiana, by their order dated December 12, 1986, 497 So.2d 1387, wherein that Court reversed our previous opinion only insofar as it reinstated all plaintiffs and made them whole economically. This order further remanded the case to us to consider whether some of the plaintiffs would have been laid off in any event had the policy of “Reduction in Force” adopted by the St. John the Baptist School Board (hereinafter “Board”) been implemented correctly. For a history of the case and the facts relative to the opinion see: St. John the Baptist Parish Association of Educators, Wilhemina Armour, Et Al v. St. John the Baptist Parish School Board, Et Al, 494 So.2d 553 (La. App. 5 Cir.1986).
When implementing their policy of Reduction in Force in February, 1985, appel-lees improperly gave preference to certain employees with less seniority than others *70 based on the finalized teacher aide and school secretary “experience” listings prepared for the Board on or about January 9, 1985. Regarding these lists, in our previous opinion, we stated:
Remarkably, these experience or seniority rosters ranked aides and secretaries, not in the order of their actual job or system seniority in the school system, but, instead, in an order reflective of (1) those employees who did not strike, chronologically ordered within that particular ranking, followed by (2) employees who returned to work during the course of the strike, chronologically ordered in accordance with date of their return, and (3) followed by a third group of striking employees (including petitioners) who returned on October 22, 1985, (those employees ranked according to their actual seniority dates within that third group). Despite the requirement in the RIF policy of ranking employees in accordance with actual job seniority first, followed by system seniority, no effort was made by the Board to perfect such a listing.
With this in mind, we ordered “... that the seniority lists prepared by the Board be changed so that no employee who participated in the work stoppage in the fall of 1984 lose any seniority, or in any way be penalized for his or her participation in said work stoppage, all in agreement with the terms (the “four corners”) of the contract of October 9, 1984 as accepted by all parties on October 22, 1984.”
We construe the language used in the supervisory writ dated December 12, 1986 granted by the Louisiana Supreme Court to uphold our original determination that the list prepared in compliance with the contract of October 9, 1984 was valid; and that the list as revised by the Board on or about January 9, 1985 was not valid since the Supreme Court held that it only granted certiorari in part and further held “that the judgment of the court of appeal is reversed insofar as it reinstated all of the plaintiffs and made them whole economically.” [emphasis supplied]. As a result, it is our view that the Supreme Court reversed only that portion of our opinion which stated: “... that the plaintiffs be reinstated with full uninterrupted seniority and be placed in the same economic position that they would have enjoyed had they not participated in the strike action and not have been dismissed in February, 1985....”
Accordingly, as ordered by the Louisiana Supreme Court, we now decree that only those plaintiffs whose economic outcome would differ under the use of the seniority list prepared in compliance with the contract of October 9, 1984, as opposed to the lists prepared by the Board on or about January 9, 1985, will be afforded this remedy. Conversely, those plaintiffs who would have been laid-off under either list will not be included in this decree and will not be granted this remedy.
The order of the Louisiana Supreme Court states we should consider whether some of the plaintiffs would have been laid off in any event. However, the record before us is unquestionably inadequate to enable us to make such a determination. Because of the absence of such needed adequate evidence, we remand this case to the trial court to decide whether any of the plaintiffs would also have been laid off under the use of a seniority list prepared in compliance with the contract of October 9, 1984, and to give its reasons for its determinations so that same can be properly reviewed by this court and the Supreme Court in the event of another appeal.
Accordingly, the case is remanded for further proceedings consistent with the views herein expressed.
REMANDED.